**FAATAMAALI'I PRITCHARD as Administrator of the ESTATE of FUIAVAILIILI WILLIAM PRITCHARD, Plaintiff,**

**v.**

**All testate and intestate successors of FRANK PRITCHARD, JR., and FRANK W. PRITCHARD, SR., deceased, and DOES 1-10, Defendants.**

---

**All testate and intestate successors of FRANK PRICTCHARD, JR., Plaintiffs,**

**v.**

**ESTATE OF FUIAVAILIILI WILLIAM PRITCHARD, and DOES 1-10, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 27-95
LT No. 36-95

October 7, 2003

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Faatamaali'i Pritchard and Estate of Fuiavailiili William Pritchard, Charles V. Ala'ilima
For all testate and intestate successors of Frank Pritchard, Jr. and Frank W. Pritchard, Sr., *pro se*

This action came regularly for trial on September 11, 2003. Counsel for Faatammaali`i Pritchard and Estate of Fuiavialiili William Pritchard (together "William" or "William's Estate") was present. Some successors of Frank Pritchard, Jr. ("Frank, Jr." or "Frank, Jr.'s Successors") and Frank W. Pritchard, Sr. ("Frank, Sr." or "Frank, Sr.'s Successors") were present. However, though they were afforded ample opportunity to retain another attorney during several months immediately preceding the trial, none of Frank, Jr.'s and Frank, Sr.'s Successors did so; and none of them participated in the trial. In this context, the principal consequence of a judgment in these actions will be to provide guidance regarding the lands at issue for the administration and distribution of the estates of William and Frank, Jr., and perhaps Frank, Sr. as well.

## Ultimate Issues

In 1995, William's Estate commenced LT No. 27-95 against Frank, Jr. and Frank, Sr.'s Successors to quiet title in the name of William's Estate and Frank, Jr. to a portion of land known as Fuamete, consisting of approximately of approximately 4.614 acres ("4.614 acre parcel"), in Leone, American Samoa, and to quiet title in name of William's Estate another portion of Fuamete, consisting of approximately 12.51 acres ("12.51 acre parcel").

A short time later in the same year, Frank, Jr. countered with LT No. 36-95 against William's Estate to nullify the registration of the 12.51 acre parcel, quiet title to this parcel in the name of Frank, Jr. and his siblings, and to enjoin William's Estate and heirs from alienating this parcel.

On December 4, 1995, we denied Frank, Jr.'s application for a preliminary injunction in LT No. 36-95 and consolidated the two actions. Frank, Jr. died while the actions were pending, and all of his testate and intestate successors were added as parties in both actions. On August 19, 2003, we denied the motion of William's Estate for summary judgment to adjudicate the title to the 4.614 acre parcel as William's and Frank, Jr.'s individually-owned land, jointly held by them as tenants in common, and to approve a proposed partition of this parcel between William's Estate and Frank, Jr.'s Successors as the immediate consequence. The denial was principally based on factual issues pertaining to the appropriateness of the proposed distribution of this parcel. The actions then proceeded to trial.

The ultimate issues, then, in order to proceed in a systematic manner with the inheritance of the two parcels, are: (1) the validity of the two

registrations, (2) ownership of the two parcels, and (3) the propriety of the proposed partition of the 4.614 acre parcel.

## Discussion

### 1. The 4.614 Acre Parcel

■ William and Frank, Jr. were brothers and are deceased. William died intestate and, apparently, Frank, Jr. likewise. Frank, Sr. was their father and also, apparently, died intestate. On July 2, 1964, the Registrar of Titles registered the 4.614 acre parcel as William's and Frank, Jr.'s individually-owned land. The Territorial Registrar issued the Certificate of Registration on September 11, 1987, with an effective retroactive date of July 2, 1964. A valid registered land title is conclusive evidence to the world that the registered titleholder owns the land. *Lualemana v. Atualevao*, 16 A.S.R.2d 34, 40 (Land & Titles Div. 1990). The Territorial Registrar's file in evidence on this registration shows that the requirements of the registration process in effect in 1964 were strictly followed. The registration of the 4.614 acre parcel was and is valid and, therefore, we find that preceding their respective deaths, William and Frank, Jr. owned this parcel as individually-owned land, jointly held as tenants in common.

In order to facilitate inheritance of this parcel, William's Estate has had the original survey retraced and divided two equal lots, Lot 1 at the West end and Lot 2 at the East end, as shown in Exhibits No. 3 and No. 4 in evidence. William's Estate proposes that Lot 1 be partitioned for inheritance by Frank Jr.'s successors and that Lot 2 be partitioned and included in William's Estate for inheritance by his heirs. The boundary between the two equally sized lots is positioned to maintain improvements that belonged to Frank, Jr. and his family members on Lot 1 and maintain improvements that belonged to William and his family on Lot 2. We find that the proposed partition of the 4.614 acre parcel into Lot 1 and Lot 2 provides for an equitable distribution by inheritance of the parcel.

Accordingly, Lot 2 is properly an asset of William's Estate for purposes of ultimate distribution to his heirs, and Lot 1 is properly an asset of Frank, Jr.'s estate for ultimate distribution to Frank, Jr.'s Successors.

### 2. The 12.51 Acre Parcel

■ The Territorial Registrar registered the 12.51 acre parcel as William's individually owned land on May 2, 1990. A land title registration is presumptively valid. *Ifopo v. Siatu`u*, 12 A.S.R.2d 24, 27-28 (Land & Titles Div. 1989). However, unlike the registration of the 4.614 acre parcel, the record of this registration in the Territorial Registrar's file in

evidence raises questions about the registration process.

First, the Surveyor and Pulenu'u Certificate, dated October 28, 1980, was purportedly signed by "Atofau" as the pulenu'u of Leone. While the records of the Secretary of Samoan Affairs in evidence show that Punaloa Atofau was the pulenu'u in 1990, the records also show that Toilolo Iereneo held that position when the survey was actually conducted in 1980. Second, the affidavit of the Territorial Registrar's notice posting does not clearly indicate that the notice was posted at two public places in Leone, as required by law in 1990.

Accordingly, we hold that the registration of the 12.51 acre parcel did not and does not provide conclusive notice of ownership to the world. Nonetheless, the apparent deficiencies in the registration process do not of themselves override actual ownership. *Te'o v. Sotoa*, 5 A.S.R.2d 90, 97-98 (Trial Div. 1987). The evidence presented shows that William owned the land as individually-owned land. Neither Frank, Jr.'s nor Frank Sr.'s Successors offered any contradictory evidence. Therefore, we find that William owned the 12.51 acre parcel as individually-owned land, and that this parcel is also properly included in William's Estate for purposes of further administration and prospective distribution to his heirs.

There are indications in other actions pending before this Court that persons outside of the Pritchard family have claims to ownership of this parcel or to portions of it. Therefore, this determination is without prejudice to the determination of any ownership rights to this parcel by persons outside of the Pritchard family.

## Order

1. The title registration of the 4.614 acre parcel as William's and Frank, Jr.'s individually-owned land, jointly held by them as tenants in common, is valid and conclusive evidence to the world of their joint ownership. This parcel is partitioned, as shown in Exhibits No. 3 and No. 4 in evidence, into Lot 1 now owned by Frank, Jr.'s estate to be inherited apparently by Frank, Jr.'s Successors, and Lot 2 now owned by William's Estate to be inherited by his heirs.

2. The title registration of the 12.51 acre parcel as William's individually-owned land is not effective as notice to the world of his ownership. However, as between the parties to this action, William owned this parcel as his individually-owned land, and the parcel is now owned by William's Estate to be inherited by his heirs. This holding is, however, without prejudice to persons outside of the Pritchard family to contest the ownership of this parcel.